IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MICHAEL COLE, ADMINISTRATOR OF THE ESTATE OF BRANDEN KNIGNT, DECEASED<br><br>Plaintiff,<br><br>v.<br><br>ASHTABULA COUNTY, *et al*.<br><br>Defendants. | CASE NO. 1:23-CV-01093<br><br>JUDGE BRIDGET MEEHAN BRENNAN<br><br>**PLAINTIFF'S MOTION TO STRIKE ALL OR PORTIONS OF THE AFFIDAVITS SUBMITTED BY DEFENDANTS IN SUPPORT OF SUMMARY JUDGMENT** |

The Plaintiff hereby moves this Honorable Court to strike the affidavits submitted by the Defendants in support of their Motion for Summary Judgment. In short, the affidavits as a whole, and/or the portions of affidavits referenced below, are either inadmissible hearsay or not based upon the affiant's personal knowledge.

Federal Rule of Civil Procedure 56 permits a moving party to use affidavits or declarations in support of a motion for summary judgment. *Federal Civil Rule 56(C)(1)(A)* However, the affidavits or declarations must be made upon personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. *Federal Civil Rule 56(C)(4)* Statements made "on information and belief" are insufficient to satisfy the personal knowledge requirement of Federal Civil Rule 56. *Reddy v. Good Samaritan Hospital, 137 F. Supp. 948 (S.D. Ohio 2000)* Rather, it must be evident from the affidavit that the facts contained in the affidavit are based upon personal knowledge of the affiant. *Reddy, supra*; *Automatic Radio Mfg Co., v. Hazeltine, 339 US 827, 831 (1950); Tavery v.*

<u>United States</u>, 32 F. 3rd 1423, 1426 (2nd Cir. 1994); <u>Wilson v. Bernalillo</u>, 211 F. 3d 1279 (10th Cir. 2000)

At the outset it is important to note that all the affidavits submitted by the Defendants in support of their Motion for Summary Judgment lack any statement that the affiant's declarations are based upon the affiant's personal knowledge. On this basis all the affidavits submitted should be stricken and the Defendants' Motion should be denied.

In the alternative, Plaintiff submits that, at the very least, the following portions of the following affidavits should be stricken as the affiant's declarations are based upon "information and belief." As such, they do not meet the requirement of being based upon personal knowledge of the affiant:

1. <u>Corporal Dale Locher</u>. Paragraphs 12, 13, 17, 19-22, 25-29, 36-37 are clearly declarations that are not based upon Locher's personal knowledge. Nowhere in these paragraphs does Locher indicate when, where or from whom the information was provided or that he personally had knowledge of these facts when they occurred. At best, the information is inadmissible hearsay.
2. <u>Officer Merrissa Currier</u>. Paragraphs 14, 16, 17 and 19 are clearly declarations that are not based upon Currier's personal knowledge. The statement "I recall" does not signify personal knowledge. Nowhere in these paragraphs does Currier indicate when, where or from whom the information was provided or that she personally had knowledge of these facts when they occurred. At best, the information is inadmissible hearsay.
3. <u>Officer Cole Farina</u>. Paragraphs 7, and 15-21, are clearly declarations that are not based upon Currier's personal knowledge. The statement "I recall" does not signify personal knowledge. At best, the information is inadmissible hearsay.
4. <u>Officer Mark Jackson</u>. Paragraphs 7, 10 and 11 are clearly declarations that are not based upon Currier's personal knowledge.

Accordingly, for the foregoing reasons, Plaintiff respectfully requests that this Honorable Court strike all the affidavits utilized by the Defendants in support of their Motion for Summary Judgment since that are not stated to be based upon the affiant's personal knowledge.

In the alternative, and at the very least, Plaintiff requests that this Honorable Court strike those portions of the affidavits of Corporal Dale Locher, Officer Merrisa Currier, and Officer Cole Farina noted above.

Respectfully submitted,

/s/Jeffrey A. Leikin_____
Jeffrey A. Leikin, Esq. (Of Counsel)
Scott Rumizen, Esq.
25201 Chagrin Blvd., Suite 270
Beachwood, Ohio  44122
(216) 658-5500
Jleikin59@gmail.com

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

A copy of the foregoing was sent via Electronic Mail this 9th day of September, 2024 to the following:

Michael Quinlan, Esq.,                                    Attorney for Defendants
Kenneth E. Smith, Esq.
1001 Lakeside Ave., Suite 1400
Cleveland, Ohio 44114

/s/Jeffrey A. Leikin_____
Jeffrey A. Leikin, Esq. (0005344)